FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 14 2012 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GEORGE FILIPPONE,

                Plaintiff,

        -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,

                Defendant.
-----------------------------------------------------------X

11-CV-4937(SJF)(AKT)
**OPINION & ORDER**

FEUERSTEIN, J.

I.    Introduction

On October 7, 2011, incarcerated *pro se* plaintiff George Filippone ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Suffolk County Correctional Facility ("SCCF"), accompanied by an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support of his application, qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's claims against the SCCF are *sua sponte* dismissed with prejudice, but plaintiff is granted leave to amend the complaint to name the proper defendant(s) in accordance with this order.

II.    The Complaint

Plaintiff alleges that from May 27, 2010 to December 25, 2010, while he was incarcerated at the SCCF, he was not "given any medical attention for [his] chronic condition." (Compl., ¶ IV). According to plaintiff, three (3) weeks before his arrest, he "had fusion and desectomy [sic] performed on C-5, C-6 as well as C-7 on [his] cervical spine," but he was not properly treated for

that condition for almost seven (7) months, when he was sent to Dr. Obedian and prescribed physical therapy and deep tissue massage two (2) to three (3) times a week. (Compl., ¶ IV). Plaintiff further alleges that the SCCF "never once took [him] for P/T twice a week as ordered by Dr. Obedian." (Compl. at 4, ¶ IV.A).

Plaintiff contends that "[d]ue to this medical neglect, there are lumps and spasms all over [his] cervical as well as thorasic [sic] area's [sic]," causing "horrible" radiating pain in his jaw and chest, frequent vomiting and "unbearable" headaches. (Compl., ¶ IV.A). Plaintiff seeks, *inter alia*, "[p]roper medical care under Dr. Obedian's oversight," and unspecified compensatory damages. (Compl. at 5, ¶ V).

III. Discussion

    A. The Prison Litigation Reform Act

Under 28 U.S.C. § 1915A, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Likewise, the *in forma pauperis* statute requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). See Abbas, 480 F.3d at 639 (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*); Shakur v. Selsky, 391 F.3d 106, 112 (2d

2

Cir. 2004) (accord).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

B.  Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999) (citing Okla. City v. Tuttle, 471

3

U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)).

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Franko v. Suffolk County Correctional Facility, No. 10-cv-5449, 2011 WL 1004891, at * 1 (E.D.N.Y. Mar. 17, 2011) (holding that the SCCF, as an administrative arm of the County of Suffolk, lacks the capacity to be sued); Rodriguez v. Suffolk County Correctional Facility, No. 08-cv-2041, 2009 WL 205052, at * 1, n. 1 (E.D.N.Y. Jan. 27, 2009) (accord). Since the SCCF is an administrative arm of Suffolk County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. Accordingly, plaintiff's claims against the SCCF are dismissed in their entirety with prejudice. However, since plaintiff is proceeding *pro se*, he is granted leave to file an amended complaint to name the proper defendant(s), i.e., the individuals responsible for the alleged denial of his constitutional rights, **on or before March 19, 2012, or the complaint will be deemed dismissed in its entirety with prejudice.**

Should plaintiff elect to file an amended complaint in accordance with this order, he must set forth the legal basis and factual allegations supporting his claim against all named defendants and include all relevant dates. If plaintiff cannot identify any individual by name at this time, he may designate such person as a "John Doe" defendant and provide a physical description for each person so designated, along with his or her place of employment and any other information that may help in identifying such individual. The amended complaint must be captioned as an "Amended Complaint," name all defendants in the caption and bear the same docket number as this order.

IV. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that plaintiff's application to proceed *in forma pauperis* is granted; and it is further,

ORDERED that plaintiff's claims against the Suffolk County Correctional Facility are dismissed in their entirety with prejudice; and it is further,

ORDERED that plaintiff is granted leave to file an amended complaint in accordance with this order **on or before March 19, 2012**, or his complaint will be deemed dismissed in its entirety with prejudice; and it is further,

ORDERED that the Clerk of the Court serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, *see* Fed. R. Civ. P. 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: February    , 2012
       Central Islip, New York

5